# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YAAKOV SPRITZER,

    Appellant,

    v.

MACHNE MENACHEM, INC.,

    Appellee.

CIVIL ACTION NO. 3:03-CV-1546

(JUDGE CAPUTO)

## **MEMORANDUM**

Before me is Appellant's Motion for Rehearing Pursuant to Federal Rule of Bankruptcy Procedure 8015. (Doc. 10.) Yaakov Spritzer seeks a rehearing on my affirmance of the Bankruptcy Court by Order of May 28, 2004. Specifically, I held that the Bankruptcy Court was correct in determining that Mr. Spritzer's plan violated 11 U.S.C. § 1123(a)(7) because it was inconsistent with public policy with respect to the manner of selection of any officer, director or trustee under the plan and any successor officer, director or trustee. (Doc. 9.) Mr. Spritzer's plan involved replacing directors of the debtor in violation of sections 613, 703, and 706 of the New York Not-for-Profit Corporation Law. (*See* Doc. 9.)

Mr. Spritzer argues that what his plan seeks is consistent with the purposes of the bankruptcy law and therefore the state law should yield. He also argues that a decision of the United States District Court for the Eastern District of New York grants him the authority to run the debtor and, I presume, implicitly authorizes him to appoint directors of debtor. I have reviewed the decision of the Eastern District of New York to which he refers, and note that I do no find his argument persuasive. The first decision to which Mr.

Spritzer refers is an injunction against several of the directors of debtor from violence and harassment against Mr. Spritzer and others, from entering the camp without authorization, and from interfering in the administration of the affairs of the camp. *Machne Menachem, Inc. v. Hershkop*, No. CV-97-2550 (E.D.N.Y. July 1, 1997). A later decision of the same court confirmed the incumbency of Messrs. Hershkop, Huber, Goldman, and Spritzer as the directors of debtor. *Machne Menachem, Inc. v. Hershkop*, 237 F. Supp. 2d 27 (E.D.N.Y. 2002). The court also concluded, *inter alia*, that Mr. Spritzer "arrogated" control of the debtor and that he "appointed" directors in violation of New York law. *Id.*

I find that Mr. Spritzer has identified no law or fact that I overlooked or misapprehended in deciding the appeal. *See Zegeye v. Keshishian*, No. Civ. A. DKC 2004-1387, 2005 WL 544 763, at *1 (D. Md. March 4, 2005) (identifying standard set forth in Rule 40 of the Federal Rules of Appellate Procedure as the proper standard for reviewing motions for rehearing brought under Rule 8015). Accordingly, the Motion for Rehearing Pursuant to Federal Rule of Bankruptcy Procedure 8015 (Doc. 10) will be denied.

An appropriate Order follows.

June 27, 2005                                /s/ A. Richard Caputo
Date                                                    A. Richard Caputo
                                                             United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YAAKOV SPRITZER,

    Appellant,

    v.

MACHNE MENACHEM, INC.,

    Appellee.

CIVIL ACTION NO. 3:03-CV-1546

(JUDGE CAPUTO)

## ORDER

**NOW**, this  27th  day of June, 2005, **IT IS HEREBY ORDERED** that Appellant's Motion for Rehearing Pursuant to Federal Rule of Bankruptcy Procedure 8015 (Doc. 10) is **DENIED**.

                        /s/ A. Richard Caputo
                        A. Richard Caputo
                        United States District Judge